**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Jackie Strong, ) | C/A No. 8:10-357-CMC-JDA |
| )  Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need

not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Report, filed on June 27, 2011, recommends that the Commissioner's decision denying an award of disability benefits be reversed and the matter remanded to the Commissioner for an award of benefits. Dkt. No. 24. On July 12, 2011, the Commissioner notified the court that he would not file objections to the Report. Dkt. No. 26 (noting that remand was for an award of benefits).

"Where the [Commissioner's] decision is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner]'s decision with or without remanding the case for a rehearing" pursuant to sentence four of 42 U.S.C. § 405(g). *Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971). Reversing the Commissioner's decision and remanding for an award of benefits is more appropriate when further proceedings would not serve any useful purpose because there is substantial evidence on the record as a whole indicating that the clamant is disabled, and the weight of the evidence indicates that a remand would only delay the receipt of benefits. *See Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987); *Parsons v. Heckler*, 739 F.2d 1334, 1341 (8th Cir.1984); *Tennant v. Schweiker*, 682 F.2d 707, 710 (8th Cir.1982). Also, reversal is appropriate when the Commissioner has had an opportunity to develop the record on an outcome-determinative issue and has failed to produce substantial evidence, *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir.1983), *Tennant*, 682 F.2d at 710-711; or where "there is not the slightest uncertainty as to the outcome" and the remand "would be an idle and useless formality." *NLRB v. Wyman-Gordon Company*, 394 U.S. 759, 766 n.6 (1969); *Barry v.*

*Bowen*, 862 F.2d 869 (4th Cir.1988) (unpublished).

The Report first finds that the ALJ erred by failing to "expressly consider and discuss his findings regarding whether Plaintiff satisfied Listing 12.05,"[1] and that this error would be sufficient to remand the matter to the Commissioner for reconsideration. Dkt. No. 24 at 21. However, despite the absence of any discussion of Listing 12.05 in the ALJ's decision, the Report goes on to recommend that this matter be reversed and remanded for an award of benefits based on a finding that Plaintiff, in fact, meets Listing 12.05B. *Id.* at 22. To this end, the Report recommends that the court make the following findings: (1) the ALJ's decision is not supported by substantial evidence; (2) there is substantial evidence in the record to support Plaintiff's position that he is disabled in accordance with Listing 12.05B (mental retardation)[2]; and (3) that remand for further proceedings would serve no useful purpose. *See id.* at 23-30.

In light of Defendant's express statement that he does not object to the Report's recommendation for reversal and remand for an award of benefits, the court reviews the Report only for clear error. Having reviewed this matter under the standard referenced above, the court finds no

---

[1] The Report notes that "the ALJ never mentioned Listing 12.05 by name, nor did he list the elements Plaintiff needed to prove to satisfy the listing." Dkt. No. 24 at 20.

[2] Listing 12.05B reads as follows:
Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied . . .

      B.    A valid verbal, performance, or full scale IQ of 59 or less . . . .
20 C.F.C Pt. 404, Subpt. P, App. 1, § 12.05.

clear error and adopts the Report's recommendation that the decision of the Commissioner be reversed and this matter be remanded for an award of benefits.

## CONCLUSION

For the reasons set forth above, the court adopts the conclusion of the Report, reverses the final decision of the Commissioner, and remands the case to the Commissioner for an award of benefits.

**IT IS SO ORDERED.**

                                        s/ Cameron McGowan Currie
                                        CAMERON MCGOWAN CURRIE
                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 18, 2011